UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANH PHAM, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>UR JADDOU, Director, U.S. Citizenship and Immigration Services,<br><br>　　　　　　　　　　Defendant. | Case No.: 23-cv-1058-W-KSC<br><br>**ORDER DENYING IN REMAINING PART MOTION TO DISMISS**<br>**[Doc. 13]** |

　　　　Congress has statutorily limited the number of U visas available in a fiscal year to 10,000. 8 U.S.C.§ 1184(p)(2)(A). After the exhaustion of those 10,000 U visas in a given fiscal year, USCIS is powerless to issue more. *Id.* Plaintiffs are petitioners for U visas who filed their petitions before June 30, 2017. (*First Amended Complaint ("FAC")* [Doc. 7] at 3, 10, 13.) Plaintiffs alleged that Defendant, the Director of USCIS, violated the Administrative Procedure Act ("APA") by unlawfully withholding or unreasonably delaying adjudication of Plaintiffs' petitions.

　　　　Plaintiffs' FAC alleged two factual grounds supporting the alleged violation of law. First, Plaintiffs alleged that in fiscal year 2023, Defendant "skipped over" them in the adjudication of available U visas and awarded U visas to other petitioners who filed their petitions after Plaintiffs in violation of USCIS regulation 8 C.F.R. § 214.14(d)(2), which requires that "the oldest petitions receive[] the highest priority." (*FAC* at 2–3,

¶¶ 52–53, ¶¶ 59–62, ¶¶ 87–91, ¶¶ 97–100.)  "As of [August 31, 2023], USCIS has issued U visas for principal applicants that filed as late as June 30, 2017." (*FAC* at ¶ 52.)  "All Plaintiffs filed their Forms I-918 on or before June 30, 2017." (*FAC* at ¶ 87.)  Plaintiffs refer to this factual basis for their APA claim as Defendant's "unlawful withholding" of Plaintiffs' U visas. (*See FAC* at 2–3, ¶¶ 99–100.)  After Plaintiffs filed the FAC on August 31, 2023, fiscal year 2023 closed, and a new 10,000 U visas became available for fiscal year 2024. (*See February Order* [Doc. 17].)

Second, Plaintiffs alleged that Defendant unreasonably delayed the adjudication of Plaintiffs' still-pending petitions in violation of the APA's requirement that nondiscretionary agency decisions must be made within a reasonable time, 5 U.S.C. § 555(b).  The "unreasonable delay" basis for the APA claim pled: "To the extent USCIS is not unlawfully withholding Plaintiffs' U-visas, they are unreasonably delaying them." (*FAC* at ¶¶ 101–113.)

With respect to both factual bases for the APA claims, the FAC alleged that these wrongs deprive Plaintiffs of actual immigration status, deprive them of accruing time toward their adjustment of status application, and prevent them from acquiring advance parole to travel abroad. (*FAC* at 14–15.)

Defendant's previously filed Motion to Dismiss remains pending in part. (Doc. 13.)  On February 5, 2024, the Court entered an order to show cause why the Derivative Plaintiffs in this case should not be dismissed for lack of subject matter jurisdiction.[1]  (*February Order*, Doc. 17).  The February Order also continued Defendant's Motion to Dismiss as to the Court's jurisdiction over the Derivative Plaintiffs. (Doc. 13.)  Finally, the February Order denied, without prejudice to further

---

[1]  The Court's February Order designated the term "Derivative Plaintiffs" to name the individual Plaintiffs in this case who are petitioners for derivative U-2 visas as qualified family members of Principal Plaintiffs.  The term "Principal Plaintiffs" named the individual Plaintiffs who are petitioners for principal U-1 visas. (*February Order* at 3.)  The Court does not repeat its February Order and presumes the reader is familiar with it.

argument permitted by the Order, Defendant's Rule 12(b)(6) challenge to the APA claim for unlawful withholding or unreasonable delay of the final adjudication on Plaintiffs' petitions.

Plaintiffs filed a response to the February Order on February 27, 2024. (*Plaintiffs' Brief* [Doc. 19].) Defendant filed a response on March 12, 2024. (*Defendant's Brief* [Doc. 22].) Plaintiffs replied on March 14, 2024. (*Plaintiffs' Reply* [Doc. 23].) The Court decides the matter on the papers submitted and without oral argument. *See* Civ.L.R. 7.1(d.1).

For the following reasons, the Court **DENIES IN REMAINING PART** the Motion to Dismiss and **ORDERS** that some individual Plaintiffs, as specified herein, are voluntarily dismissed without prejudice or dismissed as moot. (Doc. 13.)

## I. Derivative Plaintiffs Are Voluntarily Dismissed Without Prejudice

The Court ordered the parties show cause why it should not dismiss, for lack of subject matter jurisdiction or failure to state a claim, the Derivative Plaintiffs in the absence of an allegation that their associated principal petitions have been granted U-1 visas. (*February Order* at 12, 15.) In response, Plaintiffs did "not oppose dismissal without prejudice of the Derivative Plaintiffs from this case." (*Plaintiffs' Brief* at 2.) Plaintiffs restated that Derivative Plaintiffs *should* be dismissed from the case without providing any legal basis. (*Plaintiffs' Reply* at n.1 (emphasis added).) Plaintiffs did not file a separate notice of dismissal. Plaintiffs failed to provide any briefing on the Court's subject matter jurisdiction over the Derivative Plaintiffs' claims. Defendant responded, proposing two options with respect to the Derivative Plaintiffs' claims: (1) the Court might construe Plaintiffs' response as a notice of dismissal of the Derivative Plaintiffs from the case, or (2) if the Court did not construe Plaintiffs' response as a notice of dismissal, then it should dismiss the Derivative Plaintiffs' claims as unripe. (*Defendant's Brief* at 2.)

Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff to voluntarily dismiss an action without a court order by filing: "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1). In this case, Defendant has not yet answered or filed a motion for summary judgment. As such, any Plaintiff may voluntarily dismiss her action without prejudice without a court order. Fed. R. Civ. P. 41(a)(1)(i).

Plaintiffs' cause of action is grounded on alleged delay and seeks the remedy of expedited agency action. Plaintiffs intend to voluntarily dismiss without prejudice the action as stated by Derivative Plaintiffs to prosecute the action as stated by Principal Plaintiffs. (*Plaintiffs' Brief* at 2; *Plaintiffs' Reply* at 2, n.1.) Accordingly, the Court construes Plaintiffs' multiple statements that they desire to dismiss Derivative Plaintiffs from this case as a notice of voluntary dismissal without prejudice pursuant to Rule 41(a)(1). On their own representation, the Derivative Plaintiffs' action is voluntarily dismissed without prejudice.

## II.   Subject Matter Jurisdiction Over the Remaining Principal Plaintiffs

### A.   Specific Plaintiffs' Claims Are Moot After Final Agency Decision

The February Order granted Defendant's motion to dismiss for lack of subject matter jurisdiction the claims of Plaintiffs who already received a final decision on their petitions because those claims are moot. (*February Order* at 8.) After the original briefing on Defendant's motion to dismiss was completed, the parties agreed that certain Plaintiffs received final decisions on their petitions, rendering the claims moot. (*Plaintiffs' Reply* at 2; *id.* at n.1.; *Defendant's Brief* at 2; *Orise Decl.* at ¶ 20.)

Accordingly, the Court dismisses Plaintiff Darwin Ruiz's claims as moot.[2]  *See, e.g.*, *Da Costa v. Immigr. Inv. Program Office*, 80 F.4th 330, 340 (D.C. Cir. 2023) (dismissing as moot the plaintiffs whose petitions were adjudicated while the appeal was pending).

### B.    The Remaining Principal Plaintiffs Sufficiently Allege Standing

In its motion to dismiss, Defendant originally challenged the Court's subject matter jurisdiction over the Principal Plaintiffs' claims, and she raised the challenge again in supplemental briefing.  Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal based on a lack of subject matter jurisdiction.  Once the moving party challenges jurisdiction, the burden is on the party asserting jurisdiction to prove otherwise.  *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994).  Plaintiffs bear the burden to show standing.

"A jurisdictional challenge under Rule 12(b)(1) may be made on the face of the pleadings or by presenting extrinsic evidence."  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  In evaluating the jurisdictional challenge to the FAC, and only for that purpose, the Court considers the extrinsic evidence submitted by Defendant, the Declaration of Sharon Orise, Adjudications Division Chief for the USCIS Service Center Operations Directorate.  (Doc. 22-1.)

The federal district courts have "original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  When a court lacks subject matter jurisdiction, it lacks the power to proceed, and its only remaining function is to dismiss.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).  "The Constitution gives federal courts the power to adjudicate only genuine 'Cases' and 'Controversies.'  Art. III, § 2.  That power includes the requirement that

---

[2]    Derivative Plaintiff Mayra Calix's petition was dependent on Darwin Ruiz's principal petition.  (*Orise Decl.* at ¶ 20.)  She also received a final decision on her U visa petition.  (*Id*.)  Were her claims not voluntarily dismissed, they would be dismissed as moot.

litigants have standing." *California v. Texas*, 593 U.S. 659, 668–69 (2021). Article III standing requires that a plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Civil Rights Educ. and Enforcement Ctr. v. Hospitality Properties Trust ("CREEC")*, 867 F.3d 1093, 1098 (9th Cir. 2017). As to the first element of standing, Plaintiffs sufficiently pled an injury in fact by alleging that they all filed their petitions on or before June 30, 2017, that they are still awaiting final decisions on their petitions, and that USCIS has issued U visas to "applicants that post-date Plaintiffs . . . ." (*See*, e.g., *FAC* at ¶¶ 60–62, 87–88.) As to the second element, Plaintiffs sufficiently pled that their injuries are fairly traceable to the challenged conduct of USCIS because USCIS is the federal agency charged with the duty to review and adjudicate the Plaintiffs' petitions that remain pending. *See FAC* ¶ 25; *see also* 6 U.S.C. § 271(b)(1); 8 U.S.C. §§ 1101(a)(15)(U), 1103(a)(1), 1103(g)(1), 1184(a)(1).

Defendant challenged the third element of the standing test—the redressability of Plaintiff's claims. To establish redressability, Plaintiffs must allege that it is "likely, as opposed to merely speculative," that a favorable judicial decision will redress their injuries. *Winsor v. Sequoia Benefits & Ins. Servs., LLC*, 62 F.4th 517, 525 (9th Cir. 2023). Here, the FAC alleged that the requested relief—an order mandating USCIS to adjudicate Plaintiffs' petitions within 30 days—would remedy both the agency's unlawful withholding of a final decision on the petitions and the unreasonable delay in making a final decision on the petitions. (*FAC* at 3.)

In addition, Plaintiffs sufficiently alleged that the requested relief is likely to prompt Defendant to evaluate the status of Plaintiffs' petitions and consider their own failure to issue a final decision. *See Massachusetts v. EPA*, 549 U.S. 497, 518 (2007) (addressing, as here, the procedural "right to challenge agency action unlawfully withheld" and concluding that when a procedural right is vested in a litigant, as here, "that litigant has standing if there is some possibility that the requested relief will prompt

the injury-causing party to reconsider the decision that allegedly harmed the litigant."). Plaintiffs sufficiently alleged that Defendant's delay in adjudicating their petitions violates either the APA's mandate that non-discretionary decisions be made within a reasonable time or USCIS's own regulation governing the order in which petitions are adjudicated. (*See FAC* at ¶¶ 97–116.) These allegations create "some possibility," that the requested relief of expedited adjudication would be reconsidered by Defendant. *See Massachusetts v. EPA*, 549 U.S. at 518. After this lawsuit was filed, several of the original Plaintiffs received an intervening final agency decision. Thus, at least "some possibility" exists that USCIS reconsidered and acted on those pending petitions. *See id.*

At this time and on this sparse briefing, the Court concludes that Plaintiffs sufficiently alleged standing to survive Defendant's motion to dismiss. Because standing goes to the Court's subject matter jurisdiction, a subsequent challenge to redressability may be raised at any time by a party or by the Court, particularly where the development of facts may better indicate if the requested relief is tenable under the applicable circumstances. *See, Taylor v. McCament*, 875 F.3d 849, 855 (7th Cir. 2017).[3]

### III. Plaintiffs State a Claim for Relief Under the APA

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to challenge a pleading for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P.

---

[3] No party has briefed fully the importance of timing to the question of redressability. As yet unknowable, future circumstances may bear on redressability. If a favorable order were to be issued when the annual cap was already exhausted, there would be no U visas to issue, and neither the Court nor USCIS could violate the cap. *See Taylor*, 875 F.3d at 854–55. Theoretically, Defendant could continue to issue denials, but it seems axiomatic that Plaintiffs did not file this case to expedite denials of their petitions. On the other hand, if a favorable judicial decision issued in a fiscal year when the cap was not yet exhausted, there are currently no facts before the Court indication that Plaintiffs are "next in line" or that the Court has the power to leap-frog Plaintiffs over other similarly situated petitioners in the administrative process who are not parties to this case. *See id.* at n.3; *see also In re Barr Laby's, Inc.*, 930 F.2d 72, 75–76 (D.C. Cir. 1991) (concluding that delay was not unreasonable where other *TRAC* factors favored relief but the relief would leap-frog plaintiff to the head of a queue of agency adjudications while producing no net gain). If such facts were to develop, they would likely impact the issue of redressability.

12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a Rule 12(b)(6) motion, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp v. Twombly*, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A complaint may be dismissed as a matter of law either for the lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Navarro*, 250 F.3d at 732; *Balisteri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the nonmoving party." *Vasquez v. Los Angeles ("LA") Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

The Court accepts as true the factual allegation central to the FAC—that (1) Defendant unreasonably delayed final adjudications on these petitions which have been pending approximately seven years or (2) Defendant skipped over Plaintiffs in the processing of U visas and adjudicated later-filed petitions before adjudicating Plaintiffs' petitions. Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Twombly*, 550 U.S. at 564. And "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998); *see also Twombly*, 550 U.S. at 555–56, 564.

Plaintiffs' claim arises under the APA, 5 U.S.C. § 701, *et seq*. The APA requires agencies to conclude matters "within a reasonable time." 5 U.S.C. § 555. A person "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." *Id.* at § 702. Reviewing courts have the power to "compel agency action

unlawfully withheld or unreasonably delayed." *Id.* § 706(1). In reviewing a motion to dismiss an APA claim under Rule 12(b)(6), the central question is whether the government's delay or withholding of Plaintiffs' final decisions is unreasonable. 5 U.S.C. § 706(1).

With respect to the APA claim, Plaintiffs must allege that "(1) an agency had a nondiscretionary duty to act and (2) the agency unreasonably delayed in acting on that duty." *See Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63–65 (2004); *Am. Anti-Vivisection Soc'y v. U.S. Dep't of Agric.*, 946 F.3d 615, 621 (D.C. Cir. 2020); *Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022). Plaintiffs' *FAC* so alleged. (*FAC* at ¶¶ 97–113.) Neither party disputes that USCIS has a nondiscretionary duty to issue final adjudications on the petitions. *See* 6 U.S.C. § 271(b)(1); 8 U.S.C. §§ 1101(a)(15)(U), 1103(a)(1), 1103(g)(1), 1184(a)(1). The FAC sufficiently alleged Defendant's delay in acting on that duty. (*FAC* at 3; *id.* ¶¶ 64–88, 101–113.) The sufficiency of the pleading with respect to the reasonableness of the delay remains unresolved.[4]

Defendant argues that the FAC must be dismissed based upon the facts presented in the declaration of Sharon Orise because the delay of Plaintiffs' petitions is not unreasonable under the applicable factors set forth in *Telecomm's Research & Action Ctr. v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) (the "*TRAC* factors").[5] Defendant does not argue

---

[4] With respect to Plaintiffs' theories, the FAC's allegations appear limited to fiscal year 2023, the year that the FAC was filed. (*See FAC* ¶ 52.) The Orise declaration might be read to support this allegation and to limit those factual allegations to that fiscal year alone. (*See Orise Decl.* ¶ 18.) At this early stage in the case, however, Plaintiffs' allegation that "USCIS is treating Plaintiffs differently than similarly situated U visa applicants" and that Plaintiffs have "no reason to believe USCIS will go back and issue them U-visas" is sufficient to allow the "unlawfully withheld" theory to be plead with respect to fiscal year 2024 also. (*FAC* at ¶¶ 62, 90.)

[5] The TRAC factors determine reasonableness of agency delay and are,

   (1) the time agencies take to make decisions must be governed by a 'rule of reason[;]'
   (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason[;]

how the FAC's factual allegations surrounding unreasonableness are insufficient. *See FAC* ¶¶ 101–112.) Instead, Defendant cited facts from the Orise declaration which, if reviewable, undermine the FAC's allegations. For example, the Orise declaration adduced facts that seem to indicate that Plaintiffs, whose petitions are still undergoing processing, are not "next in line" for adjudication and that other similarly situated petitioners are entitled under USCIS regulations, policy, and procedure to adjudication before Plaintiffs. (*See e.g.*, *Orise Decl.* ¶¶ 8, 14–17, 21–31.) *See also Calderon-Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017) ("we must determine whether [plaintiff] has a right to skip ahead of other petitioners who filed an application before [plaintiff], but who are also waiting for adjudication for the U-visa waiting list.").

However, the Court cannot consider this declaration in its Rule 12(b)(6) analysis. In assessing the sufficiency of the complaint, federal courts generally do not consider evidence outside of the pleadings unless the complaint "necessarily relies" on such evidence. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The FAC does not refer to the declaration attached to Defendant's supplemental briefing. Also, the declaration is not central to the FAC because it is not a document upon which Plaintiffs' allegations depend. *See id.* at 1031. Even though Plaintiffs did not object to the Orise declaration, the declaration was written after and in response to the

---

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake[;]
(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority[;]
(5) the court should also take into account the nature and extent of the interests prejudiced by delay[;] and
(6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 80 (citations and quotation omitted).

FAC's allegations. *See id.* No basis appears for the Court to consider the declaration with respect to Defendant's Rule 12(b)(6) motion.[6]

The *TRAC* factors for determining whether agency delay is unreasonable are applicable at the stage of a Rule 12(b)(6) motion to dismiss if sufficient allegations from the complaint and sufficient briefing from both parties permit that analysis. *See e.g., Assadian v. Oudkirk*, No.3:22-cv-921-RBM-BGS, __ F.Supp.3d__, 2023 U.S. Dist. LEXIS 170892, 2023 WL 6237976 (S.D. Cal. Sept. 25, 2023). This record did not, especially because Defendant did not raise a *TRAC* factor challenge in its original motion to dismiss based upon the FAC's factual allegations regarding the six *TRAC* factors. (*See* FAC ¶¶ 101–113.) If a rule of law, such as the application of the *TRAC* factors to an allegation of unreasonable delay, forecloses a plaintiff's claim, then the claim must be dismissed. *See Iqbal*, 556 U.S. at 678 (2009). Accordingly, a plaintiff must plead sufficient facts in an unreasonable delay APA case to support the reasonable inference that the delay is unreasonable under the *TRAC* factors. Here, Plaintiffs satisfy this requirement by pleading sufficient facts to permit the inference that the delay is unreasonable, including the facts that: (1) their petitions have been pending since 2017, (2) Defendant violated its own regulations in processing more recently filed petitions before those filed earlier, and (3) Defendant's delay in adjudicating Plaintiffs' petitions is not due solely to the annual statutory cap but also to Defendant's failure to follow its own regulation or failure to decide the oldest applications first. Plaintiffs' FAC states facts sufficient to state a claim for relief under the APA in the absence of the Orise declaration.

---

[6] In requesting consideration of the Orise declaration on its Rule 12(b)(6) motion, Defendant cited this Court's order in *Mirbod v. Blinken*, No.3:22-cv-02057 (S.D. May 10, 2023) (Doc. 8 at 8–10). In *Mirbod*, the indisputable delay caused by COVID-19 impacted government processing. *Id.* The extrinsic evidence detailed information regarding the worldwide emergency of COVID-19 and its impact on that case. *Id.* Absent a similar worldwide emergency and a lack of reasonable dispute as to its impact, *Mirbod* is inapposite.

## IV. Conclusion

For the foregoing reasons, it is Ordered that,

- Derivative Plaintiffs Mayra Calix, Bhartiben Patel, Nimeshkumar Patel, Jameel Shaik, RAS, Khushboo Patel, Jose de Macedo, Hugo Chavez Martinez, and JFCR are **VOLUNTARILY DISMISSED WITHOUT PREJUDICE**;
- the claims of Principal Plaintiff Darwin Ruiz are **DISMISSED** for lack of subject matter jurisdiction as moot;
- the Principal Plaintiffs have standing; and
- Defendant's Rule 12(b)(6) motion is **DENIED IN REMAINING PART**.

Dated: April 30, 2024

Hon. Thomas J. Whelan
United States District Judge